ELBRIDGE G. BENNETT, Surviving Partner,

*vs.*

EDGAR H. BENNETT, Administrator.

Cumberland. Opinion September 9, 1898.

*Partnership. Administrator. Limitations. R. S., c. 69; c. 87, § 12. Stat. 1895, c. 133.*

The plaintiff was co-partner with Henry P. Bennett who died January 20, 1889. The plaintiff gave bond as surviving partner in March, 1889. The defendant was appointed administrator of the deceased partner in March, 1889, and published notice of his appointment in the same month. The plaintiff settled his first and final account as surviving partner October 23, 1896, by which it appeared that he had paid $1015.81 in settlement of the partnership affairs in excess of the amount received by him from the partnership assets. This action was commenced December 23, 1896, in which the plaintiff sues to recover one-half of said amount from the estate of the deceased partner.

*Held;* that the suit is barred by the special statute of limitations, R. S., c. 87, § 12, which, prior to the amendment of 1895, provides that no action shall be maintained against an administrator or executor on claims against the estate unless commenced within two years and six months after notice has been given of his appointment.

ON REPORT.

This was an action of assumpsit submitted to the law court upon a report of the evidence from the Superior Court for Cumberland County, and brought by the plaintiff as surviving partner against the defendant as administrator of the estate of Henry P. Bennett, late of Deering, deceased, who was during his life time a co-partner with the plaintiff, to recover the sum of $507.90, which the plaintiff claims is one-half of the amount paid out by him over

and above all moneys and property belonging to the co-partnership formerly existing between himself and the deceased.

The case is stated in the opinion.

*M. P. Frank and P. J. Larrabee*, for plaintiff.

The limitation of two years does not apply as against a surviving partner, because he has no right of action until the settlement of his account in probate. *Forward* v. *Forward*, 6 Allen, 496–8: "The decease of one partner dissolves the partnership, and the debts become the sole debts of the surviving partner. He should pay them and settle his account in probate court." "The objection (of limitation) does not apply to the payment of partnership debts and as they become the debts of the surviving partner at the decease of the testator, he may pay them at any time before rendering his account in the probate court. The limitation of four years does not affect them."

As to the general rights of the surviving partner against the estate of the deceased partner, see 2 Lindley on Partnership, Am. Ed. pp. 591–2: "On the death of a partner the surviving members of the firm are the proper persons to get in and pay debts." "The survivors have a right, if they pay more than their share of the debts of the old firm, to be reimbursed out of the estate of their deceased partner." 17 Am. & Eng. Ency. pp. 1161–2–3; *Wilby* v. *Phinney*, 15 Mass. pp. 120–1; Croswell on Executors and Administrators, § 595.

By R. S., c. 69, § 6, the surviving partner may represent the partnership estate insolvent; but if he does not see fit so to do, he is not prevented from paying in full, as surviving partner, the debts of the partnership, and collecting the proper share thereof from the estate of the deceased partner by action at law.

*George Libby*, for defendant.

Besides the action being barred by statute, the defendant claims that the plaintiff is not entitled to recover in this form of action, because there never existed any promise either express, or implied, that the administrator would pay to the surviving partner any sum or sums of money which he might expend in payment of the co-

partnership indebtedness in excess of the co-partnership funds and property in his hands. The action should be debt and not assumpsit. The surviving partner must have known that the co-partnership was hopelessly insolvent, and knowing this fact he should have so represented the estate and settled the same accordingly.

SITTING: PETERS, C. J., HASKELL, WISWELL, STROUT, SAVAGE, FOGLER, JJ.

FOGLER, J. The plaintiff as surviving partner brings this suit against the administrator of his deceased partner to recover $507.90, or one-half of the balance found due him on settlement of his account as surviving partner.

The writ is dated December 23, 1896.

The plea is the general issue with brief statement that the claim sued is barred by R. S., c. 87, § 12; and further that, inasmuch as the plaintiff did not represent the partnership estate insolvent, he is precluded from recovering of the individual estate of the deceased partner any amount expended by him in settlement of the partnership affairs in excess of the partnership assets in his hands.

The defendant further contends in argument that if the plaintiff has any remedy it is in an action of debt and not in assumpsit.

The action was begun in the Superior Court for Cumberland county and at the request of the parties was reported by the justice of that court to the full court.

The facts so far as material are substantially as follows: The plaintiff is the surviving partner of the late firm of H. P. and E. G. Bennett, which was composed of the plaintiff and Henry P. Bennett, who died January 30, 1889.

On the first Tuesday of March, 1889, the plaintiff gave bond and was authorized to settle the partnership estate as provided by R. S., c. 69.

The defendant was duly appointed administrator of the estate of the deceased partner on the 8th day of February, 1889, and published notice of such appointment on February 8th, 15th and 22d, 1889.

The plaintiff, as such surviving partner, filed his first and final account in the probate court on the third Tuesday of March, 1896, which was finally settled on appeal by the Supreme Court of Probate on the 23d day of October, 1896, a balance of $1015.81 being found due to the plaintiff for money paid by him in settlement of the partnership business over and above the amount received by him from the partnership assets.

I.  A surviving partner who pays more than his share of the partnership liabilities may recover from the estate of his deceased partner his due proportion thereof. *Bird* v. *Bird*, 77 Maine, 499. And recovery thereof may be by an action of assumpsit. *Bond* v. *Hays*, 12 Mass. 34; *Wilby* v. *Phinney*, 15 Mass. 120.

II.  Revised Statutes, c. 87, § 12, prior to the amendment of 1895, provided that no action shall be maintained against an executor or administrator on claims against the estate unless commenced within two years and six months after notice has been given of his appointment. To this provision the statute makes certain exceptions, none of which, however, are applicable to the case at bar.

The defendant gave notice of his appointment in February, 1889. This suit was commenced December 23, 1896, more than seven years after such notice.

The statute above referred to bars the plaintiff's suit unless his claim as surviving partner is excepted from the operation of the statute.

The cases cited by the plaintiff's counsel sustain the position that a suit by the surviving partner against a debtor of the firm is not subject to the limitation provided in suits against executors or administrators, but do not sustain the position that such statute is not applicable to a suit by a surviving partner against an executor or administrator. Revised Statutes, c. 69, § 2, makes the duty of a surviving partner, who has given the bond provided by law, to close up the affairs of the partnership within one year after the date of his bond unless a longer time is allowed by the judge of probate. The plaintiff delayed for more than seven years from the

date of his bond to close up the affairs of the partnership, and his suit for reimbursement was not commenced against the administrator of his deceased partner within the time limited by the statute for bringing actions against administrators and executors. His suit is not excepted, either by statute or by adjudged cases from the operation of such statute, and is therefore barred.    *Whittier* v. *Woodward,* 71 Maine, 161; *Fowler* v. *True,* 76 Maine, 46.

*Judgment for defendant.*